UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JENNIFER SELDOMRIDGE, on behalf of
herself and others similarly situated,

    Plaintiff,

vs.

FIFTH THIRD BANK,

    Defendant.

Case No. 1:18-cv-553

Dlott, J.
Bowman, M.J.

## MEMORANDUM OF OPINION AND ORDER

This civil action is before the Court on Plaintiff's motion for conditional certification and court-authorized notice (Doc. 19) and the parties' responsive memoranda. (Docs. 20, 21).[1]

### I. Background and Facts

At all relevant times, Defendant has been a national bank, operating two customer service call centers in Michigan and Ohio. Defendant employs non-exempt Service to Solutions employees and others similarly situated at those call centers. Plaintiff worked as a Service to Solutions employee in Defendant's Grand Rapids, Michigan call center. (Doc. 1 at ¶ 15). Plaintiff answered inbound telephone calls from customers and was classified by Defendant as a non-exempt employee.

---

[1] Although the parties have not raised the issue, "a motion for conditional certification under the FLSA is a nondispositive matter," and therefore appropriate for a magistrate judge to decide under 28 U.S.C. § 636(B)(1)A). *Rutledge v. Claypool Elec.*, Inc., No. 2:12–cv–0159, 2013 WL 435058, at *2 (S.D.Ohio Feb. 3, 2013); accord *Summa v. Hofstra Univ.*, 715 F.Supp.2d 378, 384–85 (E.D.N.Y.2010)(finding that a motion for conditional certification was "only a preliminary determination" and "not dispositive" and that it was not included within the exception to a magistrate judge's authority for motions "to permit maintenance of a class action," see 28 U.S.C. § 636(B)(1)A), because the standard for granting conditional certification of a collective action was "materially different" than the standard for certifying a class action under Fed.R.Civ.P. 23 (internal quotation marks omitted)).

Plaintiff claims she regularly worked forty or more hours per workweek, not including pre-shift work. Plaintiff alleges that she was not paid for all hours worked because Defendant did not permit her or her co-workers clock in prior to the start of their shifts even though they were performing compensable work during the pre-shift time. For example, Defendant trains and instructs the employees to be ready to take their first call promptly at the start of their shifts. To be ready, Plaintiff is required to first boot up their computers, log into Defendant's computer and phone systems and applications, and review emails for alerts and other items before clocking in. This process was required at the start of every shift, so that Plaintiff and her co-workers could take their first calls at their scheduled start time. Plaintiff alleges that this process took at least 10 minutes.

Plaintiff contends that Defendant did not count this time as hours worked, and this practice resulted in Defendant's Service to Solutions employees, and those working in other call center positions, being underpaid overtime premiums owed to them. In light of the foregoing, Plaintiff asks this Court to grant conditional certification under 29 U.S.C. § 216(b) and to order the issuance of a notice to similarly situated persons enabling them to opt-in. Accordingly, Plaintiff requests conditional certification of the following class:

> "All former and current Service to Solutions employees, and those working in other call center positions, employed by Defendant at any time in the period measured from three years prior to the filing of this Complaint to the present."

In addition to asking the Court to conditionally certify the collective class, Plaintiff also asks the Court to enter an Order:

- directing that notice be sent by United States mail and email to all former and current Service to Solutions Employees and similarly situated

call center employees employed by Defendant at any time in the period measured from three years prior to the filing of this Complaint to the present.

- directing the parties to jointly submit within 14 days a proposed Notice informing such present and former employees of the pendency of this collective action and permitting them to opt into the case by signing and submitting a Consent to Join Form;

- directing Defendant to provide within 14 days a Roster of such present and former employees that includes their full names, their dates of employment, and their last known home addresses and personal email addresses;

- directing that the Notice, in the form approved by the Court, be sent to such present and former employees within 30 days using the home and email addresses listed in the Roster; and

- providing that duplicate copies of the Notice may be sent in the event new, updated, or corrected mailing addresses or email addresses are found for one or more of such present or former employees.

(Doc. 19)

## II. Standard of Review

The FLSA authorizes employees to bring collective actions against employers to recover damages for unpaid wages provided two conditions are met: (1) the employees are "similarly situated" and (2) all plaintiffs provide written consent to become a party and such consent is filed with the court. 29 U.S.C. § 216(b). Courts within the Sixth Circuit generally apply a two-step procedure for determining whether a FLSA case should proceed as a collective action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546–47 (6th Cir. 2006).

The first step, commonly referred to as "conditional certification," takes place prior to the completion of discovery and requires the plaintiff to make an initial showing that the employees in the proposed class are "similarly situated." *Id.* at 546 (quoting 29

3

U.S.C. § 216(b)). At this first stage, "conditional certification may be given along with judicial authorization to notify similarly situated employees of the action," which allows plaintiffs to opt-in to the lawsuit. *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017) (citing *Comer*, 454 F.3d at 546).

At the conditional certification stage, a "plaintiff must only 'make a modest factual showing' that [the plaintiff] is similarly situated to the other employees he is seeking to notify." *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015) (quoting *Comer*, 454 F.3d at 546–47); *see also Myers v. Marietta Mem. Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016). The standard employed during this initial stage of the litigation is "fairly lenient ... and typically results in 'conditional certification' of a representative class." *Myers*, 201 F. Supp. 3d at 890 (quoting *Comer*, 454 F.3d at 547). Whether plaintiffs are similarly situated depends on a number of factors, including the "factual and employment settings of the individual[ ] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009) (citation omitted), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). A plaintiff need not show a single FLSA-violating policy but rather can demonstrate that the claims of the named plaintiffs and the putative class are unified by "common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* Plaintiffs are only required to show that their position is "similar, not identical, to the positions held by the putative class members." *Lewis*, 789 F. Supp. 2d at 867 (quoting *Pritchard*, 210 F.R.D. at 595).

During the conditional certification phase, "a court 'does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility.' " *Myers*, 201 F. Supp. 3d at 890 (quoting *Waggoner*, 110 F. Supp. 3d at 765). Courts have instead considered "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted, and whether as a matter of sound class management, a manageable class exists." *Fairfax v. Hogan Transp. Equip., Inc.*, No. 2:16-cv-680, 2017 WL 4349035, at *2 (S.D. Ohio Sep. 29, 2017) (quoting *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011) ). Still, conditional certification is "by no means final." *Comer*, 454 F.3d at 546 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)).

If the Court determines that the potential plaintiffs are similarly situated, the Court must then determine that the proposed notice is "timely, accurate, and informative" as to properly notify the proposed class. *Green v. Platinum Rest. Mid-America, LLC*, No. 3:14-cv-439-GNS, 2015 WL 6454856, at *2 (W.D. Ky. Oct. 26, 2015) (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 166(1989)).

The second step of an FLSA collective action follows discovery and receipt of all opt-in forms from putative plaintiffs. *Comer*, 454 F.3d at 547. At this stage, the Court will examine the factual basis of Plaintiffs' proposed class more closely and will apply a stricter standard in evaluating whether Plaintiffs are "similarly situated." *Id.* (quoting *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). If the Court determines at this second phase that the Plaintiffs are not similarly situated, it will de-certify the class, dismiss the opt-in plaintiffs without prejudice, and proceed with the

5

lawsuit on the named plaintiffs' individual claims. *Smith v. Lowe's Home Ctrs.*, 236 F.R.D. 354, 357 (S.D. Ohio 2006).

### III. Analysis

Plaintiff contends that she is similarly situated to other Service to Solutions call-center employees at Defendants call centers. In support of this motion, Plaintiff has submitted three declarations, including her own, representing experiences at both of Defendant's call centers: (Doc. 19, Ex. A, Declarations of Plaintiff, Brandy Buttrey and Laquanda Larkin). These declarations confirm that there is a substantially similar practice at each of Defendant's call centers of failing to pay Service to Solutions employees, and those working in other call center positions, for preshift work, including time spent starting, booting up and logging into Defendant's computer and phone systems and applications, and checking emails for alerts and other items. Plaintiff further contends that these declarations establish Defendant's failure to pay its employees, for such time has resulted in the underpayment of overtime premiums.

Defendant opposes certification. Notably, Defendant argues that the declarations are vague and conclusory. Defendant further contends that conditional certification should be denied because the evidence shows that she could (and frequently did) clock in and start getting paid within minutes of arriving to the building. Moreover, accepting Plaintiff's allegations as true, Defendant argues the evidence demonstrates that her actions are contrary to its policy and inconsistent with the practices of the putative collective members whom she seeks to represent.

However, Courts have found that evidence similar to that submitted by Plaintiff has been sufficient at this stage in the litigation to warrant conditional certification of a

class of call center service representatives for failure to pay overtime for time spent on activities like those alleged in the instant action. See *Younge v. Huntington Bancshares Inc.*, in Case No. 2:18-CV-314, Dkt. No. 36 (S.D. Ohio Oct. 23, 2018) (citing *Conklin v. 1-800 Flowers.com, Inc.*, No. 2:16-CV-675, 2017 WL 3437564, at *4 (S.D. Ohio Aug. 10, 2017); *Ouellette v. Ameridial, Inc.*, No. 5:16-CV-2144, 2017 WL 2972636, at *1 (N.D. Ohio July 12, 2017); *Anderson v. Minacs Grp. (USA) Inc.*, No. 16-13942, 2017 WL 1856276, at *1 (E.D. Mich. May 9, 2017); *Ware v. T-Mobile USA*, 828 F. Supp. 2d 948 (M.D. Tenn. 2011); *Heaps v. Safelite Sols., LLC*, No. 2:10 CV 729, 2011 WL 1325207, at *3 (S.D. Ohio Apr. 5, 2011).

Here, although modest, the evidence submitted by Plaintiff is sufficient to show that Defendant had a policy of requiring call center employees to be ready to take their first call promptly at the start of their shifts, which required 10 minutes or more of conducting pre-shift preparatory work (booting up, logging in, etc.).

Defendant submitted several declarations from other Service to Solutions employees to demonstrate that they do not perform the unpaid pre-shift work alleged by Seldomridge. Specifically, numerous other Service to Solutions employees confirm that it takes virtually no time to log into their computers and clock in at the start of each shift. (See Doc. 20, McCullough Dec. ¶11,;Mechley Dec. ¶11; Epps Dec. ¶11; Airey Dec. ¶11; Springer Dec. ¶12; Williams Dec. ¶14; Pettaway Dec. ¶10; King Dec. ¶¶10-13 Martin Dec. ¶9).

To the extent that Seldomridge, Buttrey, and Larkin routinely performed unpaid pre-shift work, Defendant contends that their actions were contrary to Fifth Third's written policies. More importantly, their actions were markedly different from those of the

7

other Service to Solutions employees whom Seldomridge seeks to represent, who consistently deny that Fifth Third instructed or required unpaid pre-shift work. Under these circumstances, Defendant argues Seldomridge has not and cannot show that she is similarly situated to the other Service to Solutions employees for which she seeks conditional certification.

Plaintiff, however, contends that "happy camper" declarations such as those submitted by the Defendant, are uniformly rejected as improperly submitted at the notice stage of conditional certification. Notably as stated by Judge Marbley in *Myers v. Marietta Mem. Hosp.*, 201 F. Supp.3d 884, 891-892 (S.D. Ohio 2016) "[a]t this early stage of the litigation, Plaintiffs have not had the opportunity to depose the employees who submitted affidavits on Defendant's behalf. And, a balancing of Plaintiff's and Defendant's competing affidavits would require credibility and factual determinations and is thus improper at this time." *Id.* As found by another court, "[j]ust as courts have not traditionally required a plaintiff seeking conditional certification to come forward with some threshold quantity of opt-in Plaintiffs, it is no more helpful for the employer to round up a small sample of favorable statements from employees." *Creely v. HCR Manorcare, Inc.*, 789 F. Supp. 2d 819, 840(N.D. Ohio 2011) (finding that "the Court is not swayed by [the employer's] submission of thirty-five 'happy camper' affidavits).

As detailed above, at the notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues*. See, e.g., Burdine v. Covidien*, Inc., No. 1:10cv194, 2011 WL 2976929, at *2–4 (E.D.Tenn. June 22, 2011); *Seger v. BRG Realty, LLC*, No. 1:10cv434, 2011 WL 2020722, at *3 (S.D.Ohio May 24,

2011). Plaintiff contends, however, that is exactly what Defendant asks the Court to do; because every argument that Defendant makes are exclusively aimed at the merits of this action.

Here, Plaintiffs submitted three declarations to support the allegations in the Amended Complaint and thus have (barely) met the "lenient" standard for conditional certification. Ultimately, Defendant's arguments against certification may prove fruitful. But at this stage of the litigation, it does not matter "if the employees held different job titles." *Lawrence v. Maxim Healthcare Servs., Inc.*, No. 1:12CV2600, 2013 WL 5566668, *2 (N.D. Ohio Oct. 9, 2013) (citing *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009)). Nor should the Court consider the declarations submitted by Defendant, as doing so at this stage of the litigation would "constitute a premature examination of the merits of the FLSA claims." *Myers*, 201 F. Supp. 3d at 891 (Marbley, J.) (collecting cases, and declining to consider defense affidavits at conditional-certification stage).

In light of the foregoing, Plaintiff's motion to conditionally certify class (Doc. 19) is **GRANTED.**

It is further **ORDERED** that the parties should meet and confer to develop a mutually agreeable class definition. As noted above, Plaintiff proposes the following class definition:

> "All former and current Service to Solutions employees, and those working in other call center positions, employed by Defendant at any time in the period measured from three years prior to the filing of this Complaint to the present."

(Doc. 13).

Defendant argues that Plaintiff's class definition is overly broad and should be narrowed. Specifically, Defendant asserts that the proposed class should be limited only to the Service to Solutions position and not all call center employees. As such, the parties should make a good faith effort to negotiate the language of the notice.

Defendant further asserts that the notice period should be two years, not three years as proposed by Plaintiff, because there is no evidence of a willful violation of the FLSA. See 29 U.S.C. §255(a). At this early stage in the litigations, without the benefit of discovery, the Court will impose a three-year statute of limitations for purposes of conditional certification.

The Court further **ORDERS** the parties to meet and confer to develop a mutually-agreeable notice to potential opt-in plaintiffs and a consent form.

The parties shall submit a joint proposed class definition, proposed notice and opt-in form within **FOURTEEN** days from the date of this Order.

**IT IS SO ORDERED**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge