UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JENNIFER SELDOMRIDGE** | * | Case No. 1:18-CV-00553 |
| | * | |
| Plaintiff, | * | Judge Susan J. Dlott |
| | * | Magistrate Judge Stephanie K. Bowman |
| v. | * | |
| | * | |
| **FIFTH THIRD BANK** | * | |
| | * | |
| Defendant. | * | |
| | * | |

**JOINT MOTION TO APPROVE COLLECTIVE ACTION SETTLEMENT**

Representative Plaintiff Jennifer Seldomridge and Defendant Fifth Third Bank respectfully move this Court to approve the Fair Labor Standards Act ("FLSA") settlement reached by the Parties and memorialized in the Settlement Agreement and Release ("Settlement" or "Agreement"). The Settlement was reached by experienced counsel during arms-length, good faith negotiations. If approved, it will provide payment to 22 collective class members (collectively, "Plaintiffs"), including the Representative Plaintiff.

The settlement documents submitted for approval or entry by the Court consist of the following:

**Exhibit 1: Settlement Agreement and Release with Exhibits**

**Exhibit 2: Proposed Order of Dismissal and Approving Settlement**

**Exhibit 3: Declaration of Hans Nilges**

The following memorandum in support explain the nature of the action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

1

Respectfully submitted,

| | |
|---|---|
| */s/ Hans A. Nilges (per email authorization)* | */s/ David K. Montgomery* |
| Hans A. Nilges (0076017) | David K. Montgomery (0040276) |
| Shannon M. Draher (0074304) | Jamie M. Goetz-Anderson (0083562) |
| Nilges Draher LLC | Jackson Lewis P.C. |
| 7266 Portage Street, N.W., Suite D | PNC Center, 26th Floor |
| Massillon, Ohio 44646 | 201 E. Fifth Street |
| Telephone: (330) 470-4428 | Cincinnati, Ohio 45202 |
| Facsimile: (330) 754-1430 | Telephone: (513) 898-0050 |
| Email: hans@ohlaborlaw.com | Facsimile: (513) 898-0051 |
| Email: sdraher@ohlaborlaw.com | Email: david.montgomery@jacksonlewis.com |
| | Email: jamie.goetz-anderson@jacksonlewis.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

**MEMORANDUM IN SUPPORT**

A.     **Lawsuit and Settlement**

On August 6, 2018, Representative Plaintiff filed this lawsuit against Defendant on behalf of herself and other similarly-situated current and former employees, alleging overtime violations under the FLSA. (Doc. 1; Nilges Decl. ¶ 7.)[1] Representative Plaintiff alleged that Defendant violated the FLSA by failing to pay for time spent logging into and out of Defendant's computer systems at the beginning and end of each shift. (*See* Doc. 1.) Defendant has consistently denied, and still denies, any liability or wrongdoing. (Nilges Decl. ¶ 8.)

Plaintiff's Motion for Conditional Certification was granted on August 15, 2019, and the Court later approved the Parties' agreed upon class definition and notice to potential collective action members. (Docs. 23 and 25; Nilges Decl. ¶ 9.) Following issuance of the notice, 22 current and former Fifth Third employees opted in to participate in the collective action. (Nilges Decl. ¶ 9.)

Plaintiff engaged in substantial investigation and informal discovery prior to negotiating the Settlement. Defendant produced certain wage data for the relevant time period, and information relating the number of weeks worked by each Plaintiff. Plaintiffs' Counsel used that data to construct a damages model. Using that model, the Parties engaged in substantial negotiations and came to an agreement. In connection with its memorandum in opposition to Plaintiff's Motion for Conditional Certification, Defendant produced written policies that require non-exempt employees to record their actual hours worked each day and that strictly prohibit employees from working "off the clock." In addition, during the Parties' settlement negotiations, Defendant argued any log-on/log-off time was de minimis, taking mere seconds per day and that the two-year statute of

---

[1] The Nilges Declaration is attached as Exhibit 3.

1

limitations for non-willful violations of the FLSA should be applied to Plaintiffs' claims. (*Id*. ¶ 11).

After negotiations, the Parties agreed to settle this case for $35,000.

### B. Settlement Terms

If approved by the Court, the Settlement will cover 22 collective class members, including the Representative Plaintiff. The total settlement amount is $35,000.00, which will cover: (a) all individual payments to each plaintiff; (b) a service award to Representative Plaintiff; and (c) Plaintiffs' Counsel's attorney fees and expenses. (*Id*. ¶ 13.)

The settlement amount will be divided as follows:

- $12,607.68 for individual payments to the Plaintiffs. All individual payments will be calculated proportionally based on the number of workweeks each Plaintiff worked during the period of August 15, 2016 and April 21, 2020. (*Id*. ¶ 14.)
- $2,500.00 to Representative Plaintiff Jennifer Seldomridge, in addition to her individual payment. (*Id*. ¶ 14.)
- $19,892.32 to Plaintiffs' Counsel for attorney fees and costs. The attorneys' fees ($15,000.00) are significantly less than Plaintiffs Counsel's lodestar fees. The expenses are $4,892.32, all of which were incurred in pursuing the action. (*Id*. ¶ 14.)

In exchange for these payments and other consideration provided for in the Agreement, this action will be dismissed, and Plaintiffs will release Defendant from federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action asserted in the Complaint (with its amendments) or those wage-and-hour claims which could have been asserted in the Action, including but not limited to claims for unpaid wages, unpaid overtime compensation,

2

liquidated damages, interest, attorney fees, and expenses pursuant to the FLSA, and any applicable state or local wage statute where Plaintiffs worked for Defendants, including but not limited to the Ohio Minimum Fair Wage Standards Act and the Michigan Improved Workforce Opportunity Wage Act through the date on which the Court enters an Order approving the Settlement.

The Parties jointly submit that this Action involves FLSA claims only, brought under 29 U.S.C. § 216(b), and therefore that the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.* ("CAFA") does not apply to this Settlement.

## PROPRIETY OF APPROVAL OF THE SETTLEMENT

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the attached Declaration of Hans Nilges, and as explained below, Court approval is warranted on all scores.

### A. The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents., Inc.*, 2008 WL 2468868 at *1 n.1 (S.D.Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir.1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Gov't*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The

Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir.2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir.1983)), *Crawford*, 2008 WL 4724499 at *3. As shown below and in the Declaration of Hans Nilges, this standard supports approval of the Settlement.

### 1. No Indicia of Fraud or Collusion Exists

The Parties' counsel each have extensive experience litigating FLSA claims, including claims for unpaid overtime. The Agreement was achieved only after arms-length and good faith negotiations between the Parties. (Nilges Decl., ¶¶ 5, 6, 10–12). As such, there is no indicia of fraud or collusion.

### 2. The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. Moreover, the Parties continue to disagree over the merits of Plaintiffs' claims. Plaintiffs claim that Defendant failed to pay them for log-on time. Defendant maintains that it paid for all log-on/log-off time and/or that such time is de minimis. In addition, the Parties continue to disagree about whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies. (*Id.* ¶¶ 7-8, 11.)

4

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to Plaintiffs promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. (*Id*. ¶¶ 16–18, 21, 22.)

### 3. Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation prior to negotiating the Settlement. Prior to filing the Action, Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific and accurate complaint for the Court and Defendant. Thus, the legal issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides. Plaintiff engaged in substantial investigation and informal discovery prior to negotiating the Settlement. Defendant produced certain wage data for the relevant time period, and information relating the number of weeks worked by each Plaintiff. Plaintiffs' Counsel used that data to construct a damages model. Using that model, the Parties engaged in substantial negotiations and came to an agreement. In addition, Defendant produced written policies and declarations. (*Id*. ¶¶ 9–11.)

### 4. The Risks of Litigation Favor Approval

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises affirmative defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Continued litigation would be risky for all. (*Id*. ¶¶ 11, 16.)

### 5. Uncertainty of Recovery Supports Approval

Plaintiffs' range of possible recovery is also open to dispute. Even if Plaintiffs succeeded on the merits of their claims, the amount of recovery is uncertain and something upon which the

Parties continue to disagree. As an example, the Parties significantly disagree as to the amount of time take for the log-on and log-off activities, and whether such time is compensable or de minimis under the FLSA. (*Id*. ¶¶ 11, 17.)

### 6. Experienced Counsels' Views Favor Approval

The Parties' counsel are experienced in wage-and-hour collective and class actions, have acted in good faith, and have represented their clients' best interests in reaching the Settlement. Counsel support the Settlement as fair and reasonable, and in the best interest of the Plaintiffs as a whole, as described in the Declaration of Hans Nilges. (*Id*. ¶ 15.)

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Gov't*, 2008 WL 4724499, at *31 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855 (1999)). All components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable and adequate for the Plaintiffs.

### 1. The Individual Payments Are Reasonable and Adequate

All individual payments will be calculated proportionally based on the number of workweeks each Plaintiff worked during the period of August 15, 2016 and April 21, 2020. (Nilges Decl. ¶ 14). The recovery represents 100% of Plaintiffs' alleged unpaid overtime for a two-year period. (*Id*. ¶ 19.)

### 2. Representative Plaintiff's Service Award Is Proper and Reasonable

Service awards to a representative plaintiff recognizing the value of his or her services on behalf of other

6

participants are proper. As stated in *In re Dunn & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366 (S.D. Ohio 1990):

> Numerous courts have not hesitated to grant incentive awards to representative plaintiffs who have been able to effect substantial relief for classes they represent.

130 F.R.D. at 373 (citing *Wolfson v. Riley*, 94 F.R.D. 243 (N.D. Ohio 1981); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985); *In re Minolta Camera Prods. Antitrust Lit.*, 666 F. Supp. 750, 752 (D. Md. 1987)).

In this Circuit, service awards to representative plaintiffs are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing the case and advising counsel in prosecution of case." *In re So. Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997). Courts recognize that "differentiation among class representatives based upon the role each played may be proper in given circumstances." *Dun & Bradstreet*, 130 F.R.D. at 374 (citing *In re Jackson Lockdown/MCO Cases*, 107 F.R.D. 703, 710 (E.D. Mich. 1985)). *See also Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991) (among the factors warranting incentive awards are the "time and effort spent" by the individuals in question and "whether these actions resulted in a substantial benefit to Class Members").

Representative Plaintiff contributed significant time, effort, and detailed factual information enabling the Parties to successfully resolve this matter. Her time and efforts support the requested service payment. She also agreed to put her name on the line as Representative Plaintiff. (Nilges Decl., ¶ 22.)

### 3. The Attorney Fees and Expenses to Plaintiffs' Counsel Are Proper and Reasonable

After the Court has confirmed that the terms of settlement are fair to Plaintiffs, it may review the Parties' agreement as to the provision of fees and costs to Plaintiffs' Counsel. The fees sought are significantly less than Plaintiffs Counsel's lodestar fees.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley,* 19 F.3d at 1134-43. There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights").

It is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Holland v. New Method Packaging, LLC, et al*, No. 3:16-cv-00309-TMR-MJN, Doc. #23 (S.D. Ohio 2017) (Rose, J.) (in a case alleging violations of the FLSA, the Court approved settlement payment of $13,395.97 to the named plaintiff and $19,000 for attorneys' fees and costs); *Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK, Doc. #31 and 32 (S.D. Ohio 2017) (Graham, J.) (in a FLSA case, the Court approved settlement of $2,000 to the named plaintiff and $11,500 for attorneys' fees and costs); *Jasper, et al v. Home Health Connection, Inc.*, No. 2:16-cv-00125-EAS-EPD (S.D. Ohio 2016) (Sargus, J.) (in a FLSA case, the Court approved $35,000 to named plaintiffs and class and $63,000 for attorneys' fees and costs).[2]

---

[2] *See Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"). *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc.*, 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

Plaintiffs have submitted sufficient evidence to support of the amount requested for attorneys' fees and costs in the form of the Declaration of Hans A. Nilges. The services rendered to Plaintiffs reflect the extensive experience Plaintiffs' Counsel have in FLSA collective actions. This experience led to the settlement of this action with the individuals who joined the case receiving 100% of their alleged unpaid overtime for a two year period. (Nilges Decl., ¶ 19.) Defendant has agreed to pay these fees and costs as part of the negotiated Agreement.

Had this case not settled, Plaintiffs' Counsel would have vigorously litigated the case without any promise of success and compensation. At every step of the litigation, Defendant could have succeeded. Therefore, the Plaintiffs were at great risk for non-payment. This risk of nonpayment strongly supports the amount requested here and warrants approval. (Nilges Decl., ¶ 22.)

Plaintiffs' Counsel's expenses are estimated to be approximately $4,892.32. All expenses were incurred during the course of the litigation of this Action or will be incurred during the administration of the Settlement. (Nilges Decl., ¶ 20.)

**CONCLUSION**

The Parties submit that this Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order of Dismissal and Approving Settlement; (2) approve Plaintiffs' Counsel's request for attorney fees, costs, and expenses; (3) approve the Representative Plaintiff's Service Payment; and (4) retain jurisdiction to enforce the Settlement.

Respectfully submitted,

| | |
|---|---|
| */s/ Hans A. Nilges (per email authorization)* | */s/ David K. Montgomery* |
| Hans A. Nilges (0076017) | David K. Montgomery (0040276) |
| Shannon M. Draher (0074304) | Jamie M. Goetz-Anderson (0083562) |
| Nilges Draher LLC | Jackson Lewis P.C. |
| 7266 Portage Street, N.W., Suite D | PNC Center, 26th Floor |
| Massillon, Ohio 44646 | 201 E. Fifth Street |
| Telephone: (330) 470-4428 | Cincinnati, Ohio 45202 |
| Facsimile: (330) 754-1430 | Telephone: (513) 898-0050 |
| Email: hans@ohlaborlaw.com | Facsimile: (513) 898-0051 |
| Email: sdraher@ohlaborlaw.com | Email: david.montgomery@jacksonlewis.com |
| | Email: jamie.goetz-anderson@jacksonlewis.com |

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
COFFMAN LEGAL, LLC
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Counsel for Defendant*

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 11th day of June, 2020, a true and accurate copy of the foregoing was electronically filed with the United States District Court for the Southern District of Ohio via the Court's CM/ECF system, and that such system will send electronic notice of the filing to counsel of record.

                                            /s/ *David K. Montgomery*
                                            David K. Montgomery

4827-8391-4943, v. 1