IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jennifer Seldomridge, | : | Case No. 1:18-cv-553 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Approving FLSA Collective |
| Fifth Third Bank, | : | Action Settlement and Dismissing Case |
| | : | |
| Defendant. | : | |

---

WHEREAS:

A.    On June 12, 2020, Plaintiff Jennifer Seldomridge ("Representative Plaintiff"), on behalf of herself and other similarly situated current and former employees, and Defendant Fifth Third Bank, by their counsel of record, filed with the Court the Joint Motion for Approval (Doc. 40), to which was attached the Settlement Agreement and Release with Exhibits (Doc. 40-1), and the Declaration of Hans Nilges (Doc. 40-3) in support of the settlement negotiated and agreed to by the Parties in this collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("Action");

B.    The Court has duly considered the submissions presented with respect to the Joint Motion and on June 22, 2020 conducted a settlement approval telephone conference with the parties' Counsel; and

C.    All capitalized terms in this Order Approving FLSA Collective Action Settlement and Dismissing Case ("Approval Order") that are not otherwise defined have the same meaning as in the Settlement Agreement and Release.

1

NOW THEREFORE, after due deliberation, the Court hereby ORDERS:

1.      This Approval Order will be binding on the Parties as defined in the Settlement Agreement and Release.

2.      The settlement as reflected in the Settlement Agreement and Release is fair, reasonable and adequate, is in the best interests of the Plaintiffs and should be approved, especially in the light of the benefits to the Plaintiffs accruing therefrom, the discovery and investigation conducted by Defendant's Counsel and Plaintiffs' Counsel prior to the settlement, and the complexity, expense, risks and probable protracted duration of further litigation. The settlement is the product of arm's length bargaining by experienced counsel.

3.      The Notice of Settlement of Collective Action Lawsuit ("Notice") attached as Exhibit A to the Settlement Agreement and Release fully and accurately informs the Plaintiffs of all material elements of the Action and the settlement.

4.      The parties propose to disseminate the aforesaid Notice and Settlement Checks to all Plaintiffs via first class mail to the last known addresses of all Plaintiffs, as well as the Service Award to Representative Plaintiff. The Court finds that the form and method of disseminating the Notice, Settlement Checks, and Service Award fully meets any applicable legal requirements.

5.      Based on the foregoing, the proposed Notice hereby is approved by the Court.

6.      The settlement in the total amount of $35,000 ("Settlement Fund") hereby is approved in accordance with § 216 of the Fair Labor Standards Act.

7.      Within fourteen (14) days after entry of this Approval Order, Plaintiffs' Counsel shall provide to Defendant's Counsel the last known mailing addresses of Plaintiffs. Within thirty (30) days after entry of this Approval Order, Defendant shall mail the Notice and

Settlement Checks to the last known addresses of each Plaintiff. Each Plaintiff's Settlement

Share will be derived on a pro rata basis as described in the Settlement Agreement and Release.

8.      Any Settlement Check or Service Award that remains unclaimed or uncashed

after one-hundred twenty (120) days of issuance to a Plaintiff will be deemed null and void and

will revert back to Defendant.

9.      The Service Award in the amount of $2,500 to Representative Plaintiff is

approved as fair and reasonable.

10.     Attorney fees in the amount of $15,000 and costs in the amount of $4,892.32 are

approved as fair and reasonable.

11.     The Service Award, attorney fees, and costs will be paid from the Settlement

Fund.

12.     This Action hereby is dismissed in its entirety, on the merits, as against Defendant

Fifth Third Bank with prejudice, and without costs to any party, except to the extent otherwise

expressly provided in the Settlement Agreement and Release. The Court intends this Approval

Order to be final within the meaning of the Federal Rules of Civil Procedure and the Federal

Rules of Appellate Procedure.

13.     All Plaintiffs shall be conclusively deemed for all purposes to be permanently

barred from commencing, prosecuting, or otherwise maintaining in any court or forum any

action against the Released Parties for any and all Released Claims arising at any time up until

entry of the Approval Order.

14.     Representative Plaintiff, upon entry of the Approval Order, shall be conclusively

deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise

maintaining in any court or forum any action against the Released Parties for any and all Service

3

Award Released Claims arising at any time prior to entry of the Approval Order.

15.     The settlement is not an admission by Defendant nor is this Approval Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendant.

16.     Furthermore, the settlement is not a concession by Defendant and shall not be used as an admission of fault, omission, or wrongdoing by Defendant. Neither this Approval Order, nor the Settlement Agreement and Release, nor any document referred to herein, shall be offered in evidence in any action or proceeding against the Parties hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Approval Order.

17.     This Approval Order, the Settlement Agreement and Release and exhibits thereto, and any other papers and records or files in the Action may be filed in this Court or in any other litigation as evidence of the settlement by Defendant to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims or Service Award Released Claims.

18.     Without affecting the finality of this Approval Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of this Approval Order. In addition, without affecting the finality of this Approval Order, this Court retains jurisdiction over Defendant, Representative Plaintiff, and each other Plaintiff, for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the implementation of the terms of the Settlement Agreement and Release and this Approval Order. Defendant, the Representative Plaintiff, and each other Plaintiff, hereby are deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute relating to this Approval

Order or the Settlement Agreement.

19.     The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for

delay, and directs the Clerk to enter this Approval Order.

**IT IS SO ORDERED.**

Dated this **23**rd day of June, 2020.

BY THE COURT:

Susan J. Dlott
United States District Judge

5